Diana Lyn Curtis McGraw (VSB No. 89392)
Gordon E. Gouveia *(pro hac vice pending)*
**FOX ROTHSCHILD LLP**
2020 K Street, NW, Suite 500
Washington, DC 20006
Phone: (202) 461-3111
Fax: (202) 461-3102
dmcgraw@foxrothschild.com
ggouveia@foxrothschild.com

*Counsel to Richard W. Bowerman*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re:<br><br>**LeClairRyan PLLC,**<br><br>     **Debtor,** | **Case No. 19-34574-KRH**<br><br>**Chapter 7** |
| **Lynn L. Tavenner, as Chapter 7 Trustee,**<br><br>     **Plaintiff,**<br><br>**v.**<br><br>**Richard W. Bowerman,**<br><br>     **Defendant.** | **Adv. Proc. No. 21-03069**<br><br>**MOTION TO CONSOLIDATE** |

**DEFENDANT'S MOTION TO CONSOLIDATE ADVERSARY PROCEEDINGS
FOR PURPOSES OF JOINT ADMINISTRATION AND FOR RELATED RELIEF**

Defendant Richard W. Bowerman, by and through his counsel, Fox Rothschild LLP, moves

the Court (the "**Motion**"), seeking entry of the order pursuant to Rule 7042 of the Federal Rules

of Bankruptcy Procedure, consolidating, for purposes of joint administration, Adversary

Proceeding No. 21-03069 (the "**D&O Action**") with Adversary Proceeding No. 20-03142 (the

"**UnitedLex Action**," and together with the D&O Action, the "**Actions**"). [1]   Additionally, the

---

[1] Defendants in Adversary Proceedings Nos. 21-03070, 21-03071, 21-03078, 21-03079, 21-03080, 21-03081, 21-03082, 21-03083, 21-03087, 21-03089, 21-03090, and 21-03091 ("**Other D&O Actions**") are also seeking similar relief – entry of an order consolidating, for purposes of joint administration the Other D&O Actions with the UnitedLex Action.

Defendant seeks relief from the *Order Approving Procedures and Permitting Trustee to Prosecute and Compromise FAO Actions*, as subsequently modified [Bankr. Dkt. Nos. 533, 929, and 982[2] ] (collectively, the "**FAO Action Procedures**") to the extent they conflict with the Third Stipulation and Amended Pre-Trial Order entered in the UnitedLex Action [Adv. 20-03142 Dkt. No. 100] (the "**Pre-Trial Order**").  Defendant shared a draft of the Motion with counsel to all of the parties in the UnitedLex Action on October 11, 2021 prior to filing and requested their consent.  To date, counsel for Gary LeClair has confirmed that he does not object to the proposed consolidation of the Actions and counsel for the ULX Entities takes no position. In support of the Motion, the Defendant respectfully states as follows:

## JURISDICTION

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408, 1409.

3.      The statutory basis for the relief requested herein is Section 105 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 7042 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## THE ACTIONS

4.      On September 3, 2019 (the "**Petition Date**"), LeClairRyan, PLLC commenced a chapter 11 case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On October 4, 2019, the Court entered the Order of Conversion of Chapter 11 to Chapter 7 [Bankr.

---

[2] "Bankr. Dkt. No." refers to documents filed in the main case, Case No. 19-34574-KRH, and "Adv. [No.] Dkt. No." refers to documents filed in the referenced adversary proceedings.

Dkt. No. 140].  On October 4, 2019, Lynn Tavenner was appointed as the Chapter 7 Trustee for the Debtor [Bankr. Dkt No. 175].

5.      On October 26, 2020, the Chapter 7 Trustee commenced the UnitedLex Action [Adv. 20-03142 Dkt. No. 1]. The Chapter 7 Trustee amended that complaint and filed the *First Amended Complaint* [Adv. 20-03142 Dkt. No. 86] ("**UnitedLex Amended Complaint**") against ULX Partners, LLC, ULX Manager LLC, UnitedLex Corporation (collectively the "**ULX Entities**") and Gary LeClair on August 25, 2021.  The Chapter 7 Trustee asserts multiple causes of action, including breach of fiduciary duty, conspiracy, misappropriation of trade secrets, recharacterization of debt as equity, and other avoidance claims.

6.      Mr. LeClair and the ULX Entities have filed motions to dismiss and partially dismiss [Adv. 20-03142 Dkt. Nos. 87 and 104] certain causes of actions including those related to breach of fiduciary duty, misappropriation of trade secrets, and conspiracy.  Furthermore, Mr. LeClair asserts the UnitedLex Amended Complaint fails to join indispensable parties, including the Defendant, among others.

7.      On September 2, 2021, the Chapter 7 Trustee commenced the D&O Action by filing a complaint against the Defendant [Adv. 21-03069 Dkt. No. 1] asserting multiple causes of action seeking to recover alleged losses sustained by the Debtor and its creditors as a result of purported breaches of fiduciary duty and allegedly improper distributions, including to Mr. LeClair.

8.      On the same date, the Chapter 7 Trustee filed the Other D&O Actions against former directors, managers, and officers of LeClairRyan, a Professional Corporation and the Debtor (the "**D&Os**") asserting substantially identical claims.

9.      In particular, the Chapter 7 Trustee asserts breach of fiduciary duty claims against the D&Os with respect to: the Firm's retirement plans, including a deferred compensation plan, a supplemental retirement plan and a 401(k) plan, shareholder dividends, discretionary bonus payments, shareholder life insurance policies, soft landing contracts for retiring shareholders and/or executives, and actions surrounding the joint venture between the Debtor and UnitedLex, including the Debtor's conversion from a C-Corporation to a PLLC, the conversion of the accounts payable to ULX Partners, LLC into a promissory note with a security interest, and the pursuit of Novellus Law Group (collectively, the "**Board Decisions**").

10.     In the UnitedLex Action, the Chapter 7 Trustee asserts a claim against Gary LeClair for breach of fiduciary duty with respect to these same Board Decisions.  Furthermore, many of these Board Decisions are at issue in the Chapter 7 Trustee's claims against the ULX Entities for breach of fiduciary duty, statutory conspiracy, and common law conspiracy. For example, the Chapter 7 Trustee asserts in the UnitedLex Action that "The ULX Entities conspired to breach the fiduciary duties the LCR Officers and Directors owed to the Debtor and its shareholders, clients, and creditors . . . ."  Indeed, the Chapter 7 Trustee goes so far as to allege that "the ULX Entities and one or more of the LCR Officers and Directors acted in concert, agreed, associated, mutually or combined to accomplish, by concerted action, unlawful, illegal and oppressive acts that caused injury and damage to the Debtor and creditors of the Debtor."  Therefore, several of the D&Os are expected to testify and participate as key witnesses in the UnitedLex Action.

## REQUESTED RELIEF

11.     By this Motion, the Defendant respectfully requests that the Court enter an order

consolidating the Actions for purposes of joint administration and grant relief from the FAO

Action Procedures to the extent they conflict with the Pre-Trial Order.

### BASIS FOR RELIEF

12.     Under subdivision (a) of Rule 42 of the Federal Rules of Civil Procedure,

incorporated by Bankruptcy Rule 7042, the court may consolidate actions if such actions involve

a common question of law or fact. FED. R. CIV. P. 42(a).   The court's discretion to order

consolidation is broad.  See Rishell v. Computer Sciences Corp., Civ. Action Nos.: 1:13-cv-931,

1:14-cv-213, 2014 WL 11515835, *1 (E.D. Va. Apr. 4, 2014) (citing A/S J. Ludwig Mowinkles

Rederi v. Tidewater Constr. Corp., 559 F.2d 928, 933 (4th Cir. 1977)).

13.     Courts generally find consolidation appropriate where it ensures efficient conduct

of litigation; avoids the burden that separate trials create on the parties, witnesses and the court;

and avoids the risk of inconsistent or contrary rulings.  See Harris v. L & L Wings, Inc., 132 F.3d

978, 982 n.2 (4th Cir. 1997) (finding consolidation appropriate when actions rely on the same

witnesses, allege the same misconduct, and are answered with the same defenses); see also Hendrix

v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1497 (11th Cir. 1985) (approving a joint trial where

it prevented "wasteful relitigation, avoided duplication of judicial effort, and did not materially

prejudice [the other party's] rights").  The effect of an order of consolidation is purely procedural

in that consolidation does not substantively merge several lawsuits into one lawsuit, or change the

rights of the parties.  See generally Bergman v. City of Atlantic City, 860 F.2d 560, 565 (3rd Cir.

1988).

14.    The Actions arise from many of the same events and involve common factual allegations and questions of substantive law related to the Board Decisions.  Consolidation of the Actions is further warranted to streamline the pretrial proceedings, eliminate unnecessary repetition and confusion, avoid the risk of inconsistent or contrary rulings, and promote the efficient administration of this Chapter 7 Case.

15.    Consolidation will not adversely affect the schedule of the UnitedLex Action.  The Defendant filed his Answer and Affirmative Defenses on October 12, 2021 and is prepared to proceed in accordance with and be bound by the *Third Stipulation and Amended Pre-Trial Order* entered on September 20, 2021 [Adv. 20-03142 Dkt. No. 100].

16.    Consolidation will not adversely affect the rights of the parties to the Actions.

### **WAIVER OF MEMORANDUM OF LAW**

17.    Pursuant to Local Bankruptcy Rule 9013-1(G), because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Defendant requests that the requirement that all motions be accompanied by a separate memorandum of law be waived.

WHEREFORE, the Defendant respectfully requests that this Court consolidate the D&O Action with the UnitedLex Action for purposes of joint administration, provide relief from the FAO Action Procedures to the extent they conflict with the Pre-Trial Order, and grant such other and further relief as is proper and just.

Date:  October 12, 2021                    Respectfully Submitted,

                                          */s/ Diana Lyn Curtis McGraw*
                                          Diana Lyn Curtis McGraw (VSB No. 89392)
                                          Gordon E. Gouveia *(pro hac vice pending)*
                                          **FOX ROTHSCHILD LLP**

2020 K Street, NW, Suite 500
Washington, DC 20006
Phone: (202) 461-3111
Fax: (202) 461-3102
dmcgraw@foxrothschild.com
ggouveia@foxrothschild.com
*Counsel to Richard W. Bowerman*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of October, 2021, I caused a true and correct copy of the *Defendant's Motion to Consolidate Adversary Proceedings for Purposes of Joint Administration and for Related Relief* to be served on Ms. Lynn L. Tavenner, as the Chapter 7 Trustee of LeClairRyan PLLC, c/o Quinn Emanuel Urquhart & Sullivan LLP, as the Trustee's special litigation counsel, via electronic mail to: Erika L. Morabito (erikamorabito@quinnemanuel.com) and Brittany J. Nelson (brittanynelson@quinnemanuel.com). I further certify that I caused a true and correct copy of the foregoing to be served on Gary D. LeClair c/o Gentry Locke, via electronic mail to: William A. Broscious (wbroscious@brosciouslaw.com), J. Scott Sexton (sexton@gentrylocke.com) and Andrew M. Bowman (bowman@gentrylocke.com). I further certify that I caused a true and correct copy of the foregoing to be served on ULX Partners, LLC, ULX Manager, LLC and UnitedLex Corporation c/o Greenberg Traurig, LLP, via electronic mail to: Thomas J. McKee, Jr. (mckeet@gtlaw.com), David G. Barger (bargerd@gtlaw.com), and J. Gregory Milmoe (milmoeg@gtlaw.com).

*/s/ Diana Lyn Curtis McGraw*
Diana Lyn Curtis McGraw